SHORTESS, Judge,
dissenting in part.
Plaintiff had crossed this bridge many times and knew there were gaps in the bridge grating. The gaps were neither “unusual,” “unexpected,” nor “all but invisible” to her. She simply failed to see what she should have seen, and the trial court was clearly wrong in finding her free from fault. The majority cites Charles v. Lavergne, 412 So.2d 726 (La.App. 3rd Cir. 1982), as a comparison, but it is clearly inapposite factually. By using its language, the majority has absolved the cyclist from the duty to see what was ahead of her on the road in a completely different factual situation.
I respectfully dissent from that portion of the opinion which affirms the finding that plaintiff was free from fault.